**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **YURY SALGADO MARTINEZ #A078-952-095** | **CIVIL ACTION NO. 6:26-CV-01012 SEC P** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **U S IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Yury Salgado Martinez ("Martinez"), an immigration detainee at Pine Prairie Correctional Center in Pine Prairie, Louisiana. Martinez seeks release from detention.

Because the record establishes no significant likelihood of removal in the reasonably foreseeable future, the Petition (Doc. 1) should be GRANTED.

## I. Background

Martinez is a native and citizen of Cuba who was ordered removed on January 21, 2004. He did not appeal.[1] On March 26, 2013, Martinez was released under an Order of Supervision. Doc. 15-2 at 1-3. In February 2017, Martinez was arrested for battery and false imprisonment, and later that month, he was encountered and arrested for being an alien with a final order of removal who had not departed the

[1] https://acis.eoir.justice.gov/en/caseInformation

United States and did not possess valid immigration documents. *Id.* at 4-8. On June 9, 2017, Martinez was released on a second Order of Supervision. *Id*. at 10-12.

On October 28, 2025, Martinez was arrested for petit theft with two or more prior theft convictions. Doc. 15-3 at 1-2. On November 21, 2025, he was served with a notice of revocation of the order of supervision. *Id*. He has remained detained since. *Id.*

On January 12, 2026, Enforcement and Removal Operations ("ERO") prepared a third-country removal packet. *Id.* Martinez was "tentatively nominated for removal to Mexico." *Id.* As of May 20, 2026, ERO was "actively working on Petitioner's removal to a third country." *Id.*

## II. <u>Law and Analysis</u>

After an alien is ordered removed, the Government generally has 90 days within which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id*. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 C.F.R. § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial

burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (*citing Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Martinez's removal order became administratively final on February 21, 2004, when the time to appeal expired. Martinez remained at liberty under two Orders of Supervision for over 10 years after his removal order became final, before he was taken back into ICE custody on November 21, 2025. Even measuring the presumptively reasonable period from Martinez's November 21, 2025 redetention, rather than from the date his removal order became final, Martinez has now remained continuously detained for more than eight months. Accordingly, the presumptively reasonable period recognized in *Zadvydas* has expired, and the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, No. 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, No. 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *R&R adopted*, 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Martinez has satisfied his initial burden. DHS did not effect his removal during the more than 12 cumulative years that he lived under Orders of Supervision. Docs. 15-2, 15-3. Since taking him back into custody, ERO has done no more than

prepare a third-country removal packet and "tentatively nominate" him for removal to Mexico. Doc. 15-3 at 1-2. The Government's declaration identifies no country that has agreed to accept Martinez, no travel document that has been issued or is expected, and no anticipated removal date. Nor does it state that Mexico has even been contacted regarding his removal. More than two months have passed since the May 20, 2026 declaration without any evidence of further progress. These objective circumstances provide good reason to believe that Martinez's removal is not significantly likely in the reasonably foreseeable future.

The burden therefore shifts to the Government, which has not carried its burden. Although it asserts that ERO is actively pursuing third-country removal, it offers no evidence that Cuba, Mexico, or any other country is willing or likely to accept Martinez. A tentative nomination for third-country removal, without evidence that the proposed receiving country has been contacted, agreed to accept him, or is processing the necessary travel documents, does not establish a significant likelihood of removal in the reasonably foreseeable future. *See, e.g., Arzou H. v. Freden*, No. 1:25-CV-228, 2026 WL 1052859, at *8 (S.D. Tex. Apr. 2, 2026), *R&R adopted sub nom. Hami v. Freden*, 2026 WL 1051903 (S.D. Tex. Apr. 17, 2026) (collecting cases finding that a declaration representing that ICE is actively working to secure removal to a third country did not carry the Government's burden and that outstanding requests, alone, do not meet the Government's burden).

Martinez is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable," only that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 702. The record before the Court establishes that there is no significant likelihood that Martinez will be removed in the reasonably foreseeable future. Accordingly, his continued detention violates the Due Process Clause, as explained in *Zadvydas*.

## III. <u>Conclusion</u>

Because the record establishes no significant likelihood of removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (Doc. 1) be GRANTED, and that Martinez be RELEASED from ICE custody under appropriate conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 6th day of August, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE